Robert Scott
1796 Augusta Drive West
Mobile, Alabama 36695-9268
*In Propria Persona*

# United States district court[1]
# District (sic) of Alabama

In re: Third Party Summonses:

Robert Scott;

    Complainant,

        v.

Internal Revenue Service; Internal Revenue Special Agent Gary V. Traina; and,
IRS Acting Group Manager John Doe [2],

    Respondents.

Case # Miscellaneous Case 07-00017-WS-B

AMENDED Petition to Quash Third Party Summonses

Comes now Robert Scott, as a Private Citizen of Alabama, and, pursuant to the INTERNAL REVENUE CODE, 26 USC §§ 7609(b)(2) and 7603, hereby amends his petition for an Order quashing administrative summonses issued by Special Agent Gary V. Traina, and IRS Acting Group Manager John Doe, purported to be employees of the Internal Revenue Service Criminal Division, to:

"Regions Bank", at, "1901 6th Avenue North, Birmingham, Alabama 35203"; (sic)

    A.    purportedly pertaining to periods "CALENDAR YEARS ENDED DECEMBER 31, 2001, DECEMBER 31, 2002, DECEMBER 31, 2003, DECEMBER 31, 2004, AND DECEMBER 31, 2005" but seeking:

---

[1] As specified in Form 2039 (Rev. 12-2001) Catalog Number 21405J.
[2] Signature unreadable; no employee number provided.

1. "...copies of books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration of enforcement of the internal revenue laws concerning the person identified above for the periods shown."

after the making of an institutional decision to refer Plaintiff/Petitioner for prosecution. SEE: Exhibit A: August 3, 2007 letter from Special Agent Gary V. Traina containing a "Miranda" warning. SEE ALSO: Exhibit B: September 5 Certified Letter from TIGTA.

II. This court has jurisdiction pursuant to the above referenced Public Law, and US Code sections, and 28 U.S.C. §§ 1331, 1340. Petitioner's claims arise under the First, Fourth, Fifth, Ninth and Tenth Amendments to the Constitution of the United States of America, providing the Court with jurisdiction under Article III thereof.

III. Parties

A. Petitioner is a human, being a Citizen of the Republic State of Alabama (Article IV § 4, Constitution), entitled to the protection of Alabama's laws and of the laws of the United States.

B. Regions Bank, though not a direct party to this action, is a third party recordkeeper maintaining personal and financial records about Petitioner, and is either sited or doing business within Alabama.

C. Respondents are purported to be employees of the Criminal Division of the Internal Revenue Service; purportedly a component of the Department of Treasury, a Department of the Executive: United State of America, created under Article II of the Constitution, and a federal corporation pursuant to 28 U.S.C. § 3002(15)(A); a foreign corporation with respect to the Republic State of Iowa pursuant to U.S. v. Perkins, 163 U.S. 625.

IV. This petition is supported by the following MEMORANDUM OF POINTS AND AUTHORITIES, and AFFIDAVIT of Robert Scott incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

V. FACTUAL BACKGROUND

    A. This Petition arises from the service of an IRS "third party" summonses to third party recordkeeper "Regions Bank". Petitioner asserts that the summons at issue seek to exercise improper authority because Petitioner is not found within the limited class of entities to which the authority reflected at 26 U.S.C 8 7602(a) applies.

    B. This Petition also arises because Special Agent Gary V. Traina and IRS Acting Group Manager John Doe, are not known to be members of the Intelligence Division of the IRS authorized in IRC section 7608(b) to issue summonses, which appears to be the section identifying the limited type of revenue agent having authority to enforce laws relating to internal revenue othe than under Subtitle E of the Code. Further, neither Special Agent Gary V. Traina and IRS Acting Group Manager John Doe, has provided any validation of authority to issue summonses; provided a badge ID in person or in correspondence.

    C. This Petition also arises, and must be granted, because Special Agent Gary V. Traina, and the TREASURY INSPECTOR GENERAL TAX ADMINISTRATION have established in writing that that Petitioner has been "referred" for criminal investigation. SEE: Exhibit A: August 3, 2007 letter from Special Agent Gary V. Traina containing a "Miranda" warning. SEE ALSO: Exhibit B: September 5 Certified Letter from TIGTA.

    D. Special Agent Gary V. Traina and IRS Acting Group Manager John Doe have issued the subject third party summonses in bad faith; in violation of IRC section 7602(d); and, upon information and belief, as retaliation for Petitioner's filing of lawsuit against the United States under IRC section 7433 for disregard of provisions of tax laws and regulations, in the District of Columbia.

VI. Issues presented for Review

    A. Whether the IRS' summons authority is limited to the specified classes of persons identified in the law, as interpreted by the United States Supreme Court.

    B. Whether Petitioner or parties maintaining information about Petitioner are

comprised within the limited classes of persons which Congress has identified.

C. Whether IRC section 7608 is the only section identifying which types of revenue agents have summons authority.

D. Whether Special Agent Gary V. Traina and IRS Acting Group Manager John Doe have the requisite authority to issue summonses pursuant to 7608(b) in relation to internal revenue laws other than Subtitle E.

E. Whether any summons can be enforced in the absence of a Court Order.

F. Whether IRS lacks jurisdiction under Article I, Section 8, Clause 17.

VII. Facts and arguments.

A. The current case and controversy Arises from IRS' continual refusal to respond to filings and queries relating to Petitioner's rights and obligations under the tax laws. On numerous occasions Petitioner has sought, respectfully and in good faith, to secure answers to reasonable questions regarding any liability and tax status, as well as certain acts by IRS agents believed to be outside of lawful authority. Petitioner's reasonable queries have been met with silence, or with retaliative harassment, resulting in Petitioner's filing of lawsuits under IRC section 7433, appeal of which lawsuit is currently pending in the District of Columbia Circuit.

VIII. Special Agent Gary V. Traina's and IRS Acting Group Manager John Doe's employer lacks summons authority

A. The Court will take judicial notice that Title 26 of the United States Code is not the law, but is merely *prima facie evidence* of Volume 68A, Stat 1, et seq. (SEE: 1 U.S.C. § 204), and that summons authority under sections 7602, 7603, and 7609 (as well as every other section of Chapter 78) of Title 26, United States Code, must be utterly disregarded when the underlying statutory language is invoked, and that

"Of the 50 titles, only 23 have been enacted into positive law (statutory) law. These titles are 1, 3, 4, 5, 9, 10, 11, 13, 14, 17, 18, 23, 28, 31, 32, 35, 36, 37, 38, 39, 44, 46, and 49. When a title of the Code was enacted into positive law, the text of the title became legal evidence of the law. Title that have not been enacted into positive law are only prima facie evidence of the law. In that case, the Statutes At Large still govern."
United States Government Printing Office

Robert Scott, v. IRS, et al
AMENDED Petition to Quash Third Party Summons
Page 4 of 9

B.    The Court will take judicial notice that § 7602 (upon which authority for § 7609 rests) has been construed by the highest Court in the land as a recodification of §§ 3614, 3615(a), (b) and (c), and 3632(a)(1) of the Internal Revenue Code of 1939, 53 Stat. 438, 440, 446. The language of the statute took its present form in 1954, but its meaning was unchanged, as noted by the Supreme Court in United States v. LaSalle Nat. Bank, 437 U.S. 298 (1978):

> *" Section 7602 derives, assertedly without change in meaning[13], from corresponding and similar provisions in 3614, 3615, and 3654 of the 1939 Code."*

United States v. LaSalle National Bank, 437 U.S. 298 (1978), at 310; footnote 13 referencing H. R Rep. No. 1337, 83d Cong., 2d Sess., A436 (1954); S. Rep. No. 1622, 83d Cong., 2d Sess, 617 (1954)[3]

C.    The Court will take judicial notice that Table A of the Appendix to the 1939 Code- "Derivation of Internal Revenue Code" reveals, in turn, the statutes-at-large which these code sections reflect, and which remain the current law of the land. The content of these statutes, from which the current 7602 derives, can be separated into three categories:

1)    authority to those who may administer oaths to witnesses and take testimony;
2)    specific detail as to the classes of persons to whom summonses and examinations may be undertaken; and
3)    the purposes for which summonses and examinations may be initiated

D.    The classes in regard to whom summonses may issue are clearly specified in § 3173 of the Revised Statutes, as amended in 1919 and re-enacted in the Revenue Act of 1926, and further clarified in § 3615(a) and (b) in the 1939 code, from which the current 7602 derives:

"SEC. 3615. SUMMONS FROM COLLECTOR TO PRODUCE BOOK$ AND GIVE TESTIMONY :
(a) GENERAL AUTHORITY.-It shall be lawful for the collector, subject to the provisions of this section to summon any person to appear before him and

---

[3] Note: The court's reference to section 3654 of the 1939 Code is now out-of-date with the Code's current derivation table, which, as observed above, refers to 3614, 3615 and 3632. However, 3654, now omitted, simply reflected the authority given to collectors to supervise, summon and examine "all officers of internal revenue" and their books, records, etc. in section 3163 of the Revised Statutes and has since been replaced with 26 USC 7602(b) by way of the Tax Reform Act of 1982.

produce books at a time and place named in the summons, and to give testimony or answer interrogatories, under oath, respecting any objects or income liable to tax or the returns thereof. The collector may summon any person residing or found within the State or Territory in which his district lies; and when the person intended to be summoned does not reside and can not be found within such State or Territory, he may enter any collection district where such person may be found and there make the examination herein authorized and to this end he may there exercise all the authority which he might lawfully exercise in the district for which he was commissioned.
 (b) ACTS CREATING LIABILITY--Such summonses may be issued
(1) REFUSAL OR NEGLECT TO COMPLY WITH NOTICE REQUIRING RETURN-If any person, on being notified or required as provided in section 3611, shall refuse or neglect to render such list or return within the time required or
(2) FAILURE TO RENDER RETURN ON TIME--Whenever any person who is required to deliver a monthly or other return of objects subject to tax fails to do so at the time required or
(3) ERRONEOUS, FALSE: OR FRAUDULENT RETURN – Whenever any person who is required to deliver a monthly or other return of objects subject to tax delivers any return which, in the opinion of the collector, is erroneous, false, or fraudulent, or contains any undervaluation or understatement, or
(4) REFUSAL TO PERMIT EXAMINATION OF BOOKS-Whenever any person who is required to deliver a monthly or other return of objects subject to tax refuses to allow any regularly authorized Government officer to examine his books.'

E.  Congress' clear and unambiguous words have reflected the limited scope of what is now § 7602 for more than 130 years, re-enacted over and over again, with Congress declining to change them on at least two separate occasions in which other modifications were made. As Congress has, in fact, specified the classes of persons in regard to whom summonses may issue, the first consideration of the legitimacy of any summons is whether the person in regard to whom it is issued is within those classes (and whether the scope of those classes conforms to the Constitution, of course). Only if this is established as being the case does the question then turn to whether the summons has been issued for an authorized purpose and other considerations by which Congress and the courts have further qualified the exercise of this authority.

F.  The Respondent and this Court should note that the designation of "any person" in the statute above is clearly restrictive as can be seen in the language in the statute, e.g., "If any person, *on being notified or required...*", § 3615(b)(1) (emphasis

added); "any person who *is required...*", § 3615(b)(2), (3), (4) (emphases added); . Respondent and this Court should be mindful of the Supreme Court's guidance in American Banana Co. v. United Fruit Co., 213 U.S. 347 (1909), that,

> "*Words having universal scope, such as "every contract in restraint of trade," every person who shall monopolize,' etc., will be taken, as a matter of course, to mean only everyone subject to such legislation, not all that the legislator subsequently may be able to catch*"

G. I am not claiming that I am in some protected class; rather, I am claiming that I am not found within the specific classes of persons upon which the limited scope of § 7602 summons authority, "*derive[d], assertedly without change in meaning, from corresponding and similar provisions in 3614, 3615, and 3654 of the 1939 Code*" United States v. LaSalle National Bank, *supra*, can be invoked, or about whom information held by a third party can be summoned under § 7609.

H. Congress has not provided Respondent with an open-ended, undefined and unlimited authority to search through the papers and effects of, and records about, anyone for any purpose at any time, making mere curiosity the determinant of the scope to which its summons authority applies, thereby expanding the "class" of persons mentioned in 7602(b) into every human being living. Such an assumption would plainly amount to a claim of power to issue general warrants. General warrants – one of the key leading to the American Revolution – are explicitly prohibited by the Fourth Amendment to the Constitution; impermissible regardless of the actual language which might be invoked in a governmental effort to claim such authority.

I. Within the classes of persons Congress has specified, Respondent's agent might have a free hand – subject, of course, to judicial oversight as provided in the law and as construed in Powell and similar rulings – but this does not and cannot mean that invocation of the Court's jurisdiction for the purpose of exercising supervision over the Respondent's agent creates a reversal of burden of proof or presumption. The Fourth Amendment stands over the statutory scheme within which the Court's jurisdiction is invoked. Quirks of the scheme notwithstanding, Respondent, through its agent, is the initial moving party when issuing a

summons, and should bear the burden of proving propriety of its actions.

Respondent has repeatedly demonstrated that it is unable, or unwilling, to meet the Constitutional standard.

CONCLUSION; and DEMAND FOR RELIEF

Based on the foregoing, and on the AFFIDAVIT to be filed forthwith, I, Robert Scott, respectfully demand that the subject administrative summonses be quashed, and that Regions Bank be enjoined from complying with the aforementioned summonses.

Entered this __14TH__ day of September 2007.

*Robert Scott* (signature)
Robert Scottl

I, Robert Scott, a Private Citizen of Alabama, have personal knowledge of the facts related herein, and am competent to testify to said facts.

I am Private, non-federally connected, Citizen.

I have never refused or neglected to render any federal-tax related list or return within the time required upon being notified or required to do so.

I am not, nor have I ever been, required to deliver a monthly or other return of objects subject to tax, whether by stamp or otherwise.

I am not, nor have I ever been, engaged in the administration or enforcement of any internal revenue laws.

I am not in receipt of any authenticated or attested document which verifies that I am engaged in a federal revenue taxable activity making me subject to and/or liable for a tax due and owing the United States.

I am not in receipt of any authenticated or attested document which informs me of which, if any, of the sections of the United States Code which refer to the summons authority apply to me.

***

Unsworn Declaration Under Penalty of Perjury

I, Robert Scott, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed this 14TH day of September, 2007.