IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT SCOTT,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | MISC. ACTION 07-00017-WS-B |
| | * | |
| **UNITED STATES OF AMERICA,** *et al.***,** | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Petition to Quash Third Party Summonses (Doc. 1), Plaintiff's Amended Petition to Quash Third Party Summonses (Doc. 5), and the Government's Memorandum of Law in Opposition (Doc. 3). This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon careful consideration of the record, it is **RECOMMENDED** that Plaintiff's Motions be DENIED.

I.   **Background**

On July 23, 2007, Gary V. Traina, a Special Agent employed with the Internal Revenue Service Criminal Investigation Division, Mobile Division, issued, via certified mail, an Internal Revenue Service administrative summons, Form 2039, to Regions Bank to produce for examination books, papers, records and other data for the years 2001- 2005 for Robert Scott. (Doc. 3, Ex. A). A copy of the summons was also served on Plaintiff, via certified mail. (Id.) Neither copy included an attestation provision. On July 31, 2007, the summons was again served, without an attestation provision, on Regions Bank and Robert Scott via certified mail. (Id.) On August 8, 2007, attested copies of the summons were served by certified mail on Regions Bank and Robert Scott. (Id.; Doc. 6, Ex. B).

On August 9, 2007, Plaintiff Robert Scott filed a petition seeking to quash the third party summonses issued to Regions Bank. In his petition, Scott asserts that the third party summonses, as issued, are defective because he was not provided "an attested copy." Scott further argues that the Government failed to meet any of the factors established in United States v. Powell, 379 U.S. 48, 57-58 (1964). Specifically, Scott asserts that the requested information is being sought for purposes of criminal prosecution, which is not a legitimate purpose under Powell. Scott further asserts that the requested information is not relevant and that the summonses did not satisfy the administrative steps required by Powell. Additionally, Mr. Scott argues that the Government failed to comply with the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq.

In its Response, the Government acknowledges that the first two summonses which were served on Regions Bank and Plaintiff Scott did not have the required attestation but argues that the omission was cured with the attested copies, which were served via certified mail on August 8, 2007. The Government also argues that no harm resulted from the fact that the first two summonses did not contain attestations because Mr. Scott received adequate notice and was able to timely initiate the instant proceedings to quash the summonses. The Government further contends that contrary to Mr. Scott's assertions, the summonses were issued for a legitimate purpose. According to the Government, Special Agent Traina is conducting an investigation into Mr. Scott's Federal tax liability for the years 2001 through 2005, as Mr. Scott is an employee of the United States Postal Service who has not filed a Federal Individual Income Tax Return since the year 2000. (Doc. 3). Additionally, the Government has provided sworn testimony, through Special Agent Traina, that there has been no criminal referral of the investigation of Mr. Scott to the Department of Justice. Finally, the Government contends that Plaintiff's assertion that the summonses should be quashed

because the Government did not comply with the Right to Financial Privacy Act is without merit. According to the Government, the Act does not apply to the disclosure of financial records in accordance with Title 26.

Subsequent to the filing of the Government's Response, Mr. Scott filed an Amended Petition.  In the Amended Petition, Mr. Scott does not dispute the Government's assertion that he is employed and has not paid taxes since 2000, nor does he dispute that he was provided, via certified mail, with a third copy of the summons, which contained the proper attestation.  Mr. Scott instead argues that Agent Traina and the "IRS Acting Group Manager" are not authorized pursuant to I.R.C. § 7608(b) to issue summonses and that he has, in fact, been referred for criminal investigation. Mr. Scott further argues that the summons was issued in bad faith in order to retaliate against him for filing a lawsuit against the Government under I.R.C. § 7433.  Finally, Mr. Scott appears to argue that he is not within the class of persons for whom financial records can be summoned.

**II.     Discussion**

"[T]he Secretary of the Treasury, or the IRS as his designee, may 'examine any books, papers, records, or other data which may be relevant or material to ...' ascertaining the correctness of any return and may issue summonses to those in 'possession, custody, or care' thereof to appear and produce them to the IRS." La Mura v. United States, 765 F.2d 974, 979 (llth Cir. 1985).  "The IRS'[s] power to investigate under section 7602 has been described as 'broad' and 'expansive.'" Id. It is not, however, without limits.  In a proceeding seeking to enforce a summons, the Government must show that: 1) the investigation is for a legitimate purpose; 2) the inquiry is relevant to said purpose; 3) the information sought is not already in the possession of the Internal Revenue Service;

and 4) the administrative steps of the Internal Revenue Service have been followed. See, e.g., United States v. Powell, 379 U.S. 48, 57-58 (1964). The IRS may satisfy its minimal burden "merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." La Mura, 765 F.2d at 979. Once the showing required by Powell has been made, the "burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." Id. at 979-980.

Based upon a review of the record, including the parties' memorandums, the undersigned finds that Plaintiff has failed to demonstrate that the August 8th summons should be quashed. As a threshold matter, the undersigned notes that while the first two summonses were defective in that they did not contain proper attestions, the summons issued on August 8, 2007, cured the defect. Mr. Scott has not alleged, let alone offered, any facts which suggest that he was somehow prejudiced by the earlier defective summonses. In fact, the evidence is undisputed that Mr. Scott was able to timely initiate the instant proceedings so that the summons could be properly reviewed by the Court.

Additionally, while Mr. Scott contends that the summonses were issued for an improper purpose, he has not contested the Government's showing that he is gainfully employed but has not filed federal tax returns since 2000. The bank records being sought relate to the years 2001 through 2005 and are clearly relevant to the Government's investigation, as they can reasonably be expected to shed light on any taxable income Mr. Scott may have received during those years. Moreover, the Government has represented to the Court that while Regions Bank has already forwarded the requested information, the documents have not been reviewed in light of Mr. Scott's petition to quash the summonses. Accordingly, based upon the record before the Court, the undersigned finds

that the Government has established its compliance with the Powell factors.  Mr. Scott's assertions that Agent Traina and the "IRS Acting Group Manager" are not authorized to issue a summons is without merit.  Indeed, IRS agents are vested with the authority to issue third-party summonses. Anderson v. Untied States of America, 236 Fed. Appx. 491, 2007 U.S. App. LEXIS 12789 (llth Cir. 2007).  The Secretary of Treasury has delegated this power to the IRS, and the IRS has, in turn, delegated this power to its agents. Id. (citations omitted).  Finally, Mr. Scott's assertions regarding the Right to Financial Privacy Act,  12 U.S.C § 3413, are also without merit.  Although the Act protects against the disclosure of financial information to the government except under certain conditions, nothing in the Act prohibits disclosure where the information is sought pursuant to the procedures authorized under Title 26.  See Lida, Inc. v. United States of America, 238 F.3d 1076, 1083 (9th Cir. 2001); Grant v. IRS, 2007 U.S. Dist. Lexis 55231 (E.D. Ky. 2007).

**III.   Conclusion**

For the reasons set forth herein, and upon careful consideration of the record, it is **RECOMMENDED** by the undersigned Magistrate Judge that Mr. Scott's Motion to Quash and Amended Motion to Quash be DENIED.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this  **4th** day of **November, 2007.**

                                        **/s/ Sonja F. Bivins**
                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                              /s/ SONJA F. BIVINS          
                              **UNITED STATES MAGISTRATE JUDGE**